**DOCTEROFF v. NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, Inc.**
No. 169, Docket 21899.

United States Court of Appeals
Second Circuit.

Argued Jan. 2, 1951.

Decided Jan. 19, 1951.

Max Schwartz and William Rudin, Brooklyn, for appellant.

Harry A. Margolis and Hahn & Golin, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

On February 15, 1950, Docteroff testified before the referee that he had records which would show how many dozen slips were at his factory at Brentwood, in contradiction of a written statement of an officer of the bankrupt who declared that he had counted 400 dozen. His words were: "I have a record of what came in and what went out and the difference should prove that": *i. e.* that the amount on hand was not as great as 400 dozen. At the same hearing, when questioned as to how many slips he had sold (incidentally he had no right to sell any) he testified: "I have a record of everything that was sold and it does not even come to the labor figure": *i. e.* the amount that he had paid for labor upon the bankrupt's material. He swore that he had copies of the bills on which he sold these goods. Again, when asked whether "the records of the Marilyn Undergarment (his company) would show just when you started to do work," he answered that he had such records. The records which he produced do not satisfy these descriptions; they show nothing about any goods sold except one voucher for $450 which he says was for fifty dozen; and he does not suggest that it accounts for all that in fact he did sell. Again the records produced do not show "what came in and what went out"; on the contrary they show delivery to the bankrupt of *more* than Docteroff had received—not counting the goods wrongfully sold. Possibly we should say that the first "cutting card" answered the description of a record which showed when he started work for the bankrupt; but that is all that by the utmost stretch he can be held to have produced.

In the face of this failure to produce papers answering the testimony, it is idle to argue that he has complied with the referee's order. The conclusion is inescapable that either what he said upon the hearing was not true, or that papers which then

existed have disappeared. Until he can give some rational explanation of this conflict between his testimony and his conduct, he can only be treated as in contempt; he cannot purge himself, unless he satisfies the referee that his original testimony was false, or that the missing papers have been lost. It is always open to him to ask for another hearing before the referee in order to make such an explanation; but in its absence we see no reason to intervene. However, our decision is not to be understood to limit the power of the district court at any time to deal with the situation as in its discretion it deems just.

Orders affirmed.